**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CCT-4, LLC, | CIVIL ACTION NO.: |
| Plaintiff, | **3:26-CV-796** |
| v. | |
| DISH WIRELESS, L.L.C., | MAY 21, 2026 |
| Defendant. | |

## NOTICE OF REMOVAL
**(Diversity Jurisdiction)**

To the Judges of the United States District Court for the District of Connecticut, the undersigned Defendant, DISH WIRELESS, L.L.C. ("Defendant" or "DISH Wireless") hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and, in support thereof, respectfully states as follows:

1.      According to Plaintiff's Return of Service, on April 21, 2026, a copy of the Summons and Complaint in this matter was served on Corporation Service Company, the designated agent for DISH Wireless.  On April 23, 2026, the Summons and Complaint for this matter were filed in the Stamford Housing Session, Stamford Superior Court, styled *CCT-4, LLC v. Dish Wireless, L.L.C.*, with docket number NWH-CV26-6013485-S (hereinafter, the "State Action") returnable May 26, 2026, a copy of which, along with the Return of Service, is collectively annexed hereto as **Exhibit "A"**. Attorney Patrick Day of Morrison Mahoney, LLP,

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

105165172.v1

has filed his appearance on behalf of Defendant in the State Action, a copy of which is annexed hereto as **Exhibit "B"**.

2.      This action involves citizens of different jurisdictions.

3.      For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members. See *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000).

4.      Defendant is a single-member Colorado limited liability company with its principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112. The single member is non-party Neyland Networks LLC. Neyland Networks LLC is a single-member limited liability company. The single member is non-party DISH Wireless Holding L.L.C. DISH Wireless Holding L.L.C. is a single-member limited liability company. The single member is non-party DISH Network Corporation. DISH Network Corporation is a registered corporation incorporated under the laws of the state of Nevada. At all relevant times, DISH Network Corporation's principal place of business and corporate headquarters have been located in Englewood, Colorado. Thus, DISH Network Corporation is a citizen of Nevada and Colorado. See *Universal Licensing Corp. v. Paola Del Lungo*, 293 F.3d 579 (2nd Cir. 2002) (Under 28 U.S.C. § 1332(c)(1), "a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated."). Accordingly, Defendant is a citizen of only Nevada and Colorado.

2

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

105165172.v1

5.      At all times relevant herein, the sole named Plaintiff is a Delaware limited liability company with its principal place of business at 18 Locust Avenue #1584, New Canaan, Connecticut 06840. *See* **Exhibit "A"** (Summons and Complaint). Upon information and belief, Plaintiff does not have members who are citizens of Colorado or Nevada. *See Handelsman*, 213 F.3d at 52.

6.      Based on the allegations in the Complaint, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Agoliati v. Block 865 Lot 300 LLC*, 2023 WL 8014828, at *14 (E.D.N.Y. Nov. 17, 2023) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Plaintiff alleges that under the agreement, Plaintiff is owed a monthly rent of $4,900 per month plus $500 per month for common area expense reimbursement, totaling $5,400 of monthly expenses due under the agreement.[1] Compl. ¶ 8. Plaintiff alleges that the term of the lease is for 10 years. Compl. ¶ 3; *see also* ¶¶ 6-10, 12-20, 25-27.

---

[1] Defendant's references to specific damage amounts are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and Defendant is not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.

3

105165172.v1

7.    The State Action is a civil breach of contract action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because (1) there is diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).  Removal of this action to this Court is therefore proper pursuant to 28 U.S.C. § 1441 *et seq*.

8.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt by the Defendant of the Summons and Complaint, as the same were received on **April 21, 2026**.

9.    The Defendant has complied with the procedural requirements for removal as set forth in 28 U.S.C. § 1446.

10.    The Stamford Housing Session, Stamford Superior Court is located within the District of Connecticut, and, therefore, venue is proper pursuant to 28 U.S.C. § 86, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11.    A copy of the written notice required by 28 U.S.C. § 1446(d) is attached hereto as **Exhibit "C"**.

WHEREFORE, the Defendant respectfully removes this action from the Superior Court of Connecticut, Stamford Housing Session, Stamford Superior Court, to this Court pursuant to 28 U.S.C. § 1332 and U.S.C. § 1441.

4

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

105165172.v1

DEFENDANT,
DISH WIRELESS, L.L.C.


By:  /s/ *Patrick J. Day*

Patrick J. Day (ct418216)
pday@morrisonmahoney.com
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone:   860-616-4441
Fax:     860-244-3800

5

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

105165172.v1

## CERTIFICATION OF SERVICE

I hereby certify that on May 21, 2026 a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Attorney Gary S. Klein
Carmody Torrance Sandak & Hennessey, LLP
1055 Washington Blvd., 4th Floor
Stamford, CT 06901
T 203-425-4200
E gklein@carmodylaw.com

_/s/ Patrick J. Day_
Patrick J. Day

6

105165172.v1

# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1 Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ | STATE OF CONNECTICUT JUDICIAL BRANCH SUPERIOR COURT www.jud.ct.gov  |
|---|---|

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☒ Select if claiming other relief in addition to, or in place of, money or damages.

### TO: Any proper officer

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) 123 Hoyt Street, Stamford, CT 06905 | Telephone number of clerk ( 203 ) 965 – 5308 | Return Date (Must be a Tuesday) 5/26/2026 |
|---|---|---|
| ☐ Judicial District     G.A. ☒ Housing Session  ☐ Number: ___ | At (City/Town) Stamford/Norwalk | Case type code (See list on page 2) Major: C          Minor: 40 |

### For the plaintiff(s) enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) Carmody Torrance Sandak & Hennessy LLP 1055 Washington Blvd, Stamford, CT 06901 | Juris number (if attorney or law firm) 435512 |
|---|---|
| Telephone number ( 203 ) 425 – 4200 | Signature of plaintiff (if self-represented) | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book gklein@carmodylaw.com |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: CCT-4, LLC Address: PO Box 1584 New Canaan, CT 06840 | P-01 |
| Additional plaintiff | Name: Address: | P-02 |
| First defendant | Name: DISH Wireless, L.L.C. Address: 9601 South Meridian Boulevard, Englewood, CO 80112 | D-01 |
| Additional defendant | Name: Address: | D-02 |
| Additional defendant | Name: Address: | D-03 |
| Additional defendant | Name: Address: | D-04 |
| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

### Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 4/21/2026 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing Gary S. Klein |
|---|---|---|---|

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. c. The court staff is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | A TRUE COPY ATTEST: ELIZABETH J. OSTROWSKI CONNECTICUT STATE MARSHAL AN INDIFFERENT PERSON | File Date |
| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date          Docket Number |

Page 1 of 2

RETURN DATE: MAY 26, 2026    :   SUPERIOR COURT

CCT-4, LLC         :   HOUSING SESSION

V.             :   AT STAMFORD/NORWALK

DISH WIRELESS, L.L.C.     :   APRIL 21, 2026

## COMPLAINT

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

1.  The Plaintiff, CCT-4, LLC ("CCT-4"), is a Delaware limited liability company with its principal place of business located in New Canaan, Connecticut.

2.  The Defendant, DISH Wireless, L.L.C. ("DISH"), is a Colorado limited liability company with its principal place of business located in Colorado.

3.  On or about February 22, 2022, CCT-4 entered into a Wireless Communications Facility Lease Agreement ("Lease") for the term of fifty years with an initial term of April 1, 2022 ("Commencement Date") to March 31, 2032 (with automatic renewal for each Five year period thereafter) with DISH for possession and use of the wireless tower located at 10 Willard Road in Norwalk, Connecticut 06851 ("Site"). Plaintiff attaches a copy of the Lease as **Exhibit A**. The Lease is a valid binding contract that fair and adequate consideration supports. CCT-4 has fully complied with its obligations under the Lease.

4.  Under Section 2 of the Lease, the Lease automatically renews "for four (4) successive five (5) year terms unless [DISH] provides [CCT-4] written notification no more than twelve (12) months, and not less than six (6) months, prior to the commencement of each renewal term of its decision to not renew this Agreement. If at the end of the fourth (4th) five (5) year extension term, this Agreement has not been terminated by [DISH] or [CC-T4] by giving written notice of an intention to terminate that shall be delivered at least six (6) months prior to

the end of such term, this Agreement shall continue in full force upon the same covenants, terms and conditions for a further term of five (5) years and for three (3) additional five (5) year terms thereafter[.]"

5.    DISH entered into the Lease to obtain a financial profit from its use of the wireless tower located at the Site.

6.    Following execution of the Lease, DISH took possession of the Site on or about April 1, 2022 and installed substantial amounts of equipment on the tower for its operations.

7.    On January 26, 2023, the parties amended the Lease. Plaintiff attaches a copy of the Amendment as **Exhibit B.**

8.    Pursuant to Section 3 of the Lease, as of the Commencement Date, the rental payment ("Rent") was $4,900 per month plus $500 per month for common area expense reimbursement.

9.    Pursuant to Section 3 of the Lease, the Rent shall increase by an amount equal to three percent (3%) of the then current monthly Rent on every anniversary date of the Commencement Date during the term of the Lease.

10.    Pursuant to Section 3 of the Lease, if DISH fails to "pay the monthly Rent when due, or any other amount payable under this Agreement when due, and such failure continues for ten (10) days after any such due date, then [DISH] shall pay to [CCT-4] a late charge equal to ten percent (10%) of the amount not paid" by the tenth (10th) day.

11.    Pursuant to Section 5 of the Lease, DISH must pay CCT-4 $500 per month for a "Monthly Expense Payment," which includes payment for all utilities, property taxes, and maintenance costs at the Site applicable to DISH. Under Section 5, DISH and CCT-4 shall make reconciliation payments to each other, as needed, based on the difference between the "Monthly

2

Expense Payments" and the actual costs incurred for utilities, property taxes, and maintenance costs. On February 26, 2026, CCT-4 sent DISH an invoice in the amount of $716.34 representing the amount of additional unreimbursed expenses for the period January 1, 2025 to December 31, 2025. Such invoice remains unpaid.

12.     DISH failed to pay the Rent when due for December 2025 through April 2026.

13.     On January 8, 2026, CCT-4 served DISH with a written notice of impending default ("Notice of Default") because DISH had not paid its December 2025 or January 2026 Rent, as Section 3 of the Lease requires. Plaintiff attaches a copy of the Notice of Default as **Exhibit C.**

14.     The Notice of Default demanded that DISH pay its past due Rent for December 2025 and January 2026.

15.     DISH has failed to pay its past due rent since December 1, 2025, including the Rent due between January through April 2026.

16.     On April 9, 2026, CCT-4 served DISH with a written notice of the termination of the Lease Agreement ("Notice of Termination"), effective April 9, 2026, pursuant to Section 8 of the Lease. Plaintiff attaches a copy of the Notice of Termination as **Exhibit D.**

17.     CCT-4 served DISH with the Notice of Termination under Section 8 of the Lease, which provides that "[u]pon the occurrence of a material default by either party to their obligations under this Agreement (a 'Default') that remains uncured for a period of ninety days after (i) written notice of such Default by the non-defaulting party to the defaulting party and (ii) the exhaustion of all good faith efforts by the defaulting party to cure or contest such Default, then the non-defaulting party may terminate this Agreement upon written notice to the other

3

party without prejudice to any other remedies the non-defaulting party may have at law or in equity."

18.    Under Section 8 of the Lease, DISH had ninety (90) days after issuance of the Notice of Default to cure its default and pay its Rent.

19.    Pursuant to Section 8 of the Lease, CCT-4 served the Notice of Termination on April 9, 2026, over ninety days after it issued its Notice of Default to DISH on January 8, 2026, and after DISH failed to cure or contest its Rent payments default.

20.    The Notice of Termination demanded that DISH remove all of its equipment from the Site and to vacate the Site on or before April 16, 2026.

21.    On April 13, 2026, CCT-4 terminated DISH's tenancy of the Site under the Lease by causing a Notice to Quit pursuant to Connecticut General Statutes §§ 47a-23(a)(1)(E) and 47a-23(a)(3) to be served on DISH. Plaintiff attaches a copy of the Notice to Quit as **Exhibit E.**

22.    The Notice to Quit required DISH to quit possession and occupancy of the Site on or before April 20, 2026.

23.    Despite the passage of time set forth in the Notice of Quit, DISH continues in unlawful possession and occupancy of the Site and failed to remove its equipment.

24.    Contemporaneously with this Complaint, CCT-4 has filed a related Summary Process Complaint seeking, among other things, judgment for possession of the Site.

<u>COUNT ONE - Breach of Contract</u>

1-24.    CCT-4 hereby incorporates its allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

25.    DISH has not paid its Rent since December 1, 2025, including the Rent due between January through April 2026, as Section 3 of the Lease requires.

4

26.    DISH breached the terms of the Lease as a result of its failure to pay its Rent as required under the Lease.

27.    As a result of DISH's breach of the Lease, CCT-4 suffered damages.

**WHEREFORE**, the Plaintiff demands the following relief as to all counts:

1.    Compensatory damages;

2.    Prejudgment interest;

3.    Post-judgment interest;

4.    Costs; and

5.    Such other and further relief as this Court deems just and proper.

**THE PLAINTIFF, CCT-4, LLC**

By: */s/ Gary S. Klein*
    Gary S. Klein
    Danielle M. Palmieri
    Carmody Torrance Sandak & Hennessey LLP
    1055 Washington Blvd., 4th Floor
    Stamford, CT 06901-2218
    Telephone: (203) 425-4200
    Fax: (203) 325-8608
    gklein@carmodylaw.com
    dpalmieri@carmodylaw.com
      *Its Attorneys*

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

5

RETURN DATE: MAY 26, 2026       :       SUPERIOR COURT

CCT-4, LLC       :       HOUSING SESSION

V.       :       AT STAMFORD/NORWALK

DISH WIRELESS, L.L.C.       :       APRIL 21, 2026

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand in this action, exclusive of interest and costs, exceeds Fifteen Thousand ($15,000.00) Dollars.

THE PLAINTIFF, CCT-4, LLC

By: /s/ Gary S. Klein
      Gary S. Klein
      Danielle M. Palmieri
      Carmody Torrance Sandak & Hennessey LLP
      1055 Washington Blvd., 4th Floor
      Stamford, CT 06901-2218
      Telephone: (203) 425-4200
      Fax: (203) 325-8608
      gklein@carmodylaw.com
      dpalmieri@carmodylaw.com
      *Its Attorneys*

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

EXHIBIT A

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

WIRELESS COMMUNICATIONS FACILITY LEASE AGREEMENT
(Cell Tower)
Between
CCT-4, LLC
and
DISH WIRELESS LLC

This Wireless Communications Facility Lease Agreement (the "Agreement") is entered into this ___ day of _____, 2022 by and between CCT-4, LLC, a Delaware limited liability company ("CCT" or "Landlord") and DISH Wireless L.L.C., a Colorado limited liability company (the "Tenant").

WHEREAS, CCT owns the ground lease for the tower located at 10 Willard Road, City of Norwalk, County of Fairfield, State of Connecticut (the "Property"); and

WHEREAS, Tenant offers wireless communications services to its customers and desires to locate a wireless communications facility at the Property.

NOW THEREFORE, in consideration of the terms and conditions set forth herein, the parties agree as follows:

1.    Premises.

CCT hereby leases to Tenant, subject to the terms and conditions set forth herein, exclusive use of space on the cell tower located at the Property (the 'Tower") and exclusive use of a certain tract of land for the installation and operation of a wireless communications facility as described in, and limited to, the plan attached hereto as Exhibit A and made a part hereof, including, and limited to, the type, frequency and size (height, width and depth) of the equipment, number of units, weight and location on the tower and at the base of the tower outlined in Exhibit A (hereafter, the "Site"). Provided that Tenant is in compliance with the terms and conditions of this Agreement, Tenant shall have a non-exclusive easement for ingress and egress, seven (7) days a week, twenty-four (24) hours a day, on foot or motor vehicle, including trucks, and for the installation and maintenance of utility wires, poles, cables, conduits, and pipes extending from the nearest public right-of-way near Strawberry Hill Avenue to the Site for the purpose of installing, removing, replacing, maintaining and operating a wireless communications facility.

2.    Term.

The initial term of this Agreement shall be for ten (10) years beginning on the date that is the earlier of April 1, 2022 or the first day of the month following the date Tenant commences the installation of its equipment at the Site (the "Commencement Date") and ending on the tenth anniversary of the Commencement Date. Except as otherwise stated herein, Tenant cannot terminate Tenant's obligations under this Agreement. The Agreement shall be automatically renewed for four (4) successive five (5) year terms unless the Tenant provides Landlord written notification no more than twelve (12) months, and not less than six (6) months, prior to the commencement of each renewal term of its decision to not renew this Agreement. If at the end of

1

TENANT Site No. NJJER01119A

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

the fourth (4th) five (5) year extension term, this Agreement has not been terminated by the Tenant or Landlord by giving written notice of an intention to terminate that shall be delivered at least six (6) months prior to the end of such term, this Agreement shall continue in full force upon the same covenants, terms and conditions for a further term of five (5) years and for three (3) additional five (5) year terms thereafter unless Landlord or Tenant provides Landlord or Tenant respectively written notification no more than twelve (12) months, and not less than six (6) months, prior to the commencement of each renewal term of its decision to not renew this Agreement. If Tenant has not applied for all local municipal approvals reasonably necessary to construct or install its wireless communications facility within sixty (60) days after full execution of this Agreement, or if Tenant has failed to proceed to construct or install its facilities within ninety (90) days after obtaining such permits, this Agreement may terminate at Landlord's election and Landlord shall be free to lease or otherwise dispose of the Site as they may determine.

3.    Rent.

(A) As of the Commencement Date, rental payments (the "Rent") shall commence and be due at a total annual rental for each year of the initial term of Fifty-Eight Thousand Eight Hundred Dollars ($58,800.00), to be paid in equal monthly installments of Four Thousand Nine Hundred Dollars ($4,900.00) payable in advance to CCT, or as CCT may direct the Tenant. The Rent shall be paid at the addresses indicated in the first paragraph of this Agreement or to such other person, firm or place as CCT may, from time to time, designate in writing at least thirty (30) days in advance of any rental payment date by notice given in accordance with this Agreement.

(B) The Rent shall increase by an amount equal to three percent (3%) of the then current monthly Rent on every anniversary date of the Commencement Date through the entire Term of this Agreement.

(C) The Rent for any partial month shall be prorated based on the number of days in the month. If Tenant fails to pay the monthly Rent when due, or any other amount payable under this Agreement when due, and such failure continues for ten (10) days after any such due date, then Tenant shall pay to Landlord a late charge equal to ten percent (10%) of the amount not paid by such tenth (10th) day, and the parties hereto understand and agree that the foregoing shall not in any way limit, condition or detract from Landlord's other rights and remedies set forth in this Agreement or otherwise available to Landlord at law or in equity.

(D) Upon agreement of the Parties, Tenant may pay rent by electronic funds transfer, and in such event, CCT agrees to provide Tenant bank routing information for such purpose upon request of Tenant.

4.    Permitted Use of the Site and Interference.

Tenant shall have the right, subject to the terms and conditions stated herein or otherwise required by federal, state, or local law, to use the Site for the installation, operation, maintenance, alteration and repair of a wireless communications facility (including but not limited to, wireless antenna and/or antenna arrays, outbuildings and associated equipment) for the transmission and

2

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

reception of wireless communications, and to conduct activities directly related to the foregoing permitted use.

Tenant agrees to install equipment of the type and frequency which will not cause harmful interference which is measurable in accordance with then existing industry standards to any equipment of Landlord or other lessees of the Property which existed on the Property prior to the date this Agreement is executed by the Parties. In the event any after-installed Tenant equipment causes such interference, Tenant will take all commercially reasonable steps necessary to correct and eliminate the interference, including but not limited to, at Tenant's option, powering down such equipment and later powering up such equipment for intermittent testing.

Prior to the commencement of any installation of any equipment by Tenant, Tenant, at its sole cost and expense, shall provide Landlord with construction drawings and a structural analysis relating to the construction or installation on the Site. Landlord makes no representations with respect to the adequacy of the Site for Tenant's permitted use.

5.      Improvements. Installation. Operation. Maintenance and Repair.

   (A) Tenant may, at its own cost and expense, repair its existing equipment on the Site, provided that (a) Tenant shall first obtain the prior written approval for the desired repairs from Landlord and (b) any modification, installation, upgrade or substitution of equipment outside of the equipment set forth in Exhibit A hereto (including, but not limited to, the model, antenna size, weight, location or frequency) (a "Modification") shall require the execution of an amendment to this Agreement and the right of Landlord to charge additional rent for such change. Tenant shall use reasonable efforts to keep its equipment in reasonably neat order, except during times of construction, repair or modification. CCT shall either grant, deny or request further information regarding any repair, modification, upgrade, or substitution contemplated by this Section 5(A) within forty-five (45) days of written application by Tenant delivered to CCT.

   (B) Tenant will promptly repair and restore any portion of the Property which may be damaged by installation of the wireless communications facility to the condition in which it existed immediately prior to such damage, reasonable wear and tear excepted. Without limiting the foregoing, Tenant shall hire sufficient personnel and qualified, licensed professional experts to complete such installation in a prompt and professional manner.

   (C) Tenant shall, at all times during the term of this Agreement and at its own cost and expense, keep and maintain in repair and good condition (ordinary wear and tear excepted) all buildings and improvements installed by Tenant at any time on the Site and shall use all reasonable precaution to prevent waste, damage or injury.

   (D) Tenant shall at all times comply with all applicable federal, state and municipal laws, rules and regulations pertaining to the installation, operation, maintenance, replacement, and repair of the Tenant's wireless communications facility and its

3

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

appurtenant buildings and improvements and shall secure all necessary federal, state and local permits and approvals.

(E) Landlord hereby grants Tenant a temporary construction easement over the Property, for the purpose of installing Tenant's wireless communications facility as shown on Exhibit A. Such temporary easement shall expire upon completion of the installation of the wireless communications facility. During the Term of this Agreement, the Tenant shall have the right of ingress and egress to the Site for the purpose of maintenance and repair; provided however, that such right shall (i) be limited to Tenant's authorized employees, licensees, contractors, subcontractors, or agents, provided all of whom shall provide a Certificate of Insurance naming the Landlord as additional insureds under their insurance policies and (ii) not unreasonably interfere with the permitted use of the Property by the Landlord or the Tower tenants, the Landlord's licensees or lessees. Except in cases of emergency, Tenant shall conduct all maintenance and repair work on the Tenant's wireless communications facility on weekdays between the hours of 7:30 AM and 4:00 PM.

(F) Utilities Taxes and Maintenance.

    a. Tenant will pay to Landlord on a monthly basis for (i) all utilities used by it at the Premises, including its pro-rata share of any cooling and heating charges incurred in the equipment shelter occupied by Tenant, (ii) its pro-rata share of all property taxes and all maintenance costs incurred on the Premises charged to Landlord including tower and equipment shelter lighting and monitoring, tower inspections, tower property insurance, bird nest removal, painting, snow removal, utility maintenance and installation, landscaping, keys and security costs . The prorated amount shall be determined by dividing the total charged amount by the number of cellular tenants leasing the Premises.

    b. On or before June 1, 2022, Tenant shall install a separate direct utility meter (the "Direct Meter") relating to its permitted use of the Premises. To the extent permissible under, and in accordance with, the Landlord's ground lease on the Premises, Landlord shall grant to Tenant and the local utility companies (as appropriate) a utility easement(s) reasonably required by Tenant or the utility companies in order to provide utility service required by Tenant for its permitted use of the Premises throughout the initial Term and each Renewal Term.

    c. Tenant shall pay Landlord a monthly amount equal to five hundred dollars and 00/100 ($500) (the "Monthly Expense Payment") which Landlord shall use to offset the expenses set forth in subparagraph 5(a) hereto. Upon request by the Tenant, at the end of each calendar year, Landlord shall provide tenant with an invoice (the "Invoice") detailing the expenses incurred per subparagraph 5(a), and Landlord and Tenant shall make a reconciliation payment to each other, as the case may be, based upon the difference between the Monthly Expense Payments received by Landlord from Tenant and actual costs incurred by Landlord per the Invoice.

4

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

(G) All amounts payable by Tenant to Landlord pursuant to this Section 5 shall be in addition to the Rent set forth in Section 3 hereof.

6.     Landlord's Access.

The Landlord shall have a right of access to the Site at all times in order to inspect the Site, to take actions necessary to protect the Property, to enforce the terms of this Agreement, or for any other purpose.

7.     Co-Location.

Tenant acknowledges that while its space on the Tower is exclusive, Landlord shall have the right to lease other portions of the Tower to other telecommunications providers, subject to the terms of this Agreement.  Tenant agrees to comply with any and all reasonable requests by the Landlord which are necessary to accommodate additional users and facilitate co-location.

8.     Termination.

Upon expiration or termination of this Agreement, the Tenant shall remove, at Tenant's sole cost and expense, all antennas, outbuildings, structures, utility connections, personal property and associated equipment (the "Tenant Equipment") from the Site, within thirty (30) days (the "Removal Period") of said expiration or termination.  In the event that Tenant fails to remove all of the Tenant Equipment within the Removal Period, then (a) Tenant will be deemed to occupy the Premises on a month-to-month basis until the Tenant Equipment is removed and Tenant shall pay Landlord a rental fee equal to the then current monthly Rent applicable at the expiration or termination of the Agreement which shall include any applicable rent escalation that would have applied if this Agreement had been renewed or extended and (b) Landlord shall be entitled to retain ownership of such Tenant Equipment or remove such Tenant Equipment and Tenant shall be responsible for all costs and expenses incurred by Landlord in either assuming ownership of, or removing, the Tenant Equipment.

Upon the occurrence of a material default by either party to their obligations under this Agreement (a "Default") that remains uncured for a period of ninety days after (i) written notice of such Default by the non-defaulting party to the defaulting party and (ii) the exhaustion of all good faith efforts by the defaulting party to cure or contest such Default, then the non-defaulting party may terminate this Agreement upon written notice to the other party without prejudice to any other remedies the non-defaulting party may have at law or in equity.

9.     Indemnification.

(A) Except for any act or omission caused by the negligence, gross negligence or willful conduct of CCT, its trustees, officers, members, employees, directors and agents, Tenant hereby releases and agrees to indemnify and hold harmless CCT and all of its trustees, officers, members, employees, directors, agents, and consultants (hereinafter collectively referred to in this paragraph as the **"Indemnitees"**) from any and all claims, demands, liabilities, judgments, penalties, losses, costs, or expenses for any loss, including but not limited to bodily injury (including death), personal injury, property damage, expense, and attorneys' fees, caused by, growing or arising out of, or otherwise

5

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

happening in connection with this Lease, due to any negligent, gross negligence or intentional act or omission on the part of Tenant, its agents, invitees, members, employees, or others working at the direction of Tenant or on its behalf, or due to the application or violation of any pertinent federal, State or local Law. In case any action or proceeding is brought against CCT by reason of any claim mentioned in this Article 9, Tenant, upon notice from CCT, shall, at Tenant's expense, resist or defend such action or proceeding in CCT's name and, if necessary, by counsel for the insurance company, if to the extent such claim is covered by insurance, or otherwise by counsel approved by CCT. CCT agree to give Tenant notice of any such claim or proceeding promptly after its receipt of notice of such claim or otherwise becomes aware of such claim. This indemnification is binding on the successors and assigns of the Tenant, and this indemnification survives the expiration or earlier termination of the Lease, or the dissolution or, to the extent allowed by Law, the bankruptcy of the Tenant. This indemnification does not extend: (i) beyond the scope of this Lease; (ii) to claims exclusively between the undersigned parties arising from the terms, or regarding the interpretation of this Lease; or (iii) the acts or omissions of CCT.

(B) Except for any act or omission caused by the negligence, gross negligence or willful conduct of the Tenant, its trustees, officers, members, employees, directors and agents, CCT hereby releases and agrees to indemnify and hold harmless Tenant and all of its trustees, officers, members, employees, directors, agents, and consultants (hereinafter collectivelyreferred to in this paragraph as the "Indemnitees") from any and all claims, demands, liabilities, judgments, penalties, losses, costs, or expenses for any loss, including but not limited to bodily injury (including death), personal injury, property damage, expense, and attorneys' fees, caused by, growing or arising out of, or otherwise happening in connection with this Lease, due to any negligent, gross negligence or intentional act or omission on the part of CCT, its agents, invitees, members, employees, or others working at the direction of CCT or on its behalf, or due to the application or violation of any pertinent federal, State or local Law. In case any action or proceeding is brought against Tenant by reason of any claim mentioned in this Article 9, CCT, upon notice from Tenant, shall, at CCT's expense, resist or defend such action or proceeding in Tenant's name and, if necessary, by counsel for the insurance company, to the extent such claim is covered by insurance, or otherwise by counsel approved by Tenant. Tenant agrees to give CCT notice of any such claim or proceeding promptly after its receipt of notice of such claim or otherwise becomes aware of such claim. This indemnification is binding on the successors and assigns of CCT, and this indemnification survives the expiration or earlier termination of the Lease, or the dissolution or, to the extent allowed by Law, the bankruptcy of CCT. This indemnification does not extend: (i) beyond the scope of this Lease; (ii) to claims exclusivelybetween the undersigned parties arising from the terms, or regarding the interpretation of this Lease; or (iii) the acts or omissions of Tenant.

(C) Indemnification Procedure. The Party seeking indemnification (the "Indemnified Party") shall promptly send Notice to the Party from whom indemnification is being sought (the "Indemnifying Party") of the claim or suit for which indemnification is sought. The Indemnified Party shall not make any admission as to liability or agree to

6

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

any settlement of or compromise any claim without the prior written consent of the Indemnifying Party. The Indemnified Party shall, at the Indemnifying Party request and expense, give the Indemnifying Party all reasonable assistance in connection with those negotiations and litigation.

10.    Insurance.

(A) Risk of Loss:  All property of any kind installed by Tenant on the Property, shall be at the sole risk of the Tenant, and the Landlord shall not be liable to Tenant or any other person for any injury, loss, damage or inconvenience occasioned by any loss or damage to such property unless the loss or damage was caused by the gross negligence or willful act or omission of Landlord or its representatives, agents, contractors, employees or invitees.

(B) Tenant will maintain at its own cost;

i.  Commercial General Liability insurance with limits not less than $1,000,000 for injury to or death of one or more persons in any one occurrence and $1,000,000 for damage or destruction to property in any one occurrence

ii.  Commercial Auto Liability insurance on all owned, non-owned and hired automobiles with a minimum combined limit of not less than one million ($1,000,000) per occurrence

iii.  Workers Compensation insurance providing the statutory benefits and not less than one million ($1,000,000) of Employers Liability coverage.

Tenant will include the Landlord as additional insured on the Commercial General Liability and Auto Liability policies and shall furnish proof of such insurance by providing the Landlord with a Certificate of Insurance.

11.    Assignment.

This Agreement may be sold, assigned or transferred by the Tenant without any approval or consent of Landlord to Tenant's principal, affiliates, subsidiaries of its principal or to any entity which acquires all or substantially all of Tenant's assets by reason of a merger, acquisition or other business reorganization.  As to other parties, this Agreement may not be sold, assigned or transferred without the written consent of Landlord, which such consent will not be unreasonably withheld, delayed or conditioned.  No change of stock ownership, partnership interest or control of Tenant or transfer upon partnership or corporate dissolution of Tenant shall constitute an assignment hereunder.

12.    Administration Fee.

Tenant shall pay within thirty (30) days of full execution of this Agreement an administration fee of $5,000 payable to Landlord (the "Administration Fee").  Tenant further agrees to pay a $5,000 Administration Fee to Landlord upon each application by Tenant for a Modification.

7

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

13.   Notices.

All notices required under this Agreement must be in writing and are effective when deposited in the U. S. Mail, certified and postage prepaid, or when sent via overnight delivery, to the address set forth below, or as otherwise provided by law.

If to CCT:

CCT-4, LLC
PO Box 1584
New Canaan, CT 06840
Attention: Kenneth A. Saverin, President

If to the Tenant:

DISH Wireless LLC
5701 South Santa Fe Blvd.
Littleton, Colorado 80120
Attn: Lease Administration

14.   Waivers.

Failure of Landlord or Tenant to complain of any act or omission on the part of the other party shall not be deemed to be a waiver by said party of any of its rights hereunder. No acceptance by Landlord of any partial payment shall constitute accord or satisfaction but shall only be deemed a part payment on account.

15.   Governing Law.

This Agreement shall be governed, construed and enforced according to the laws of the State of Connecticut, without regard to its conflicts of laws provision.

16.   Severability.

If any part of this Agreement is held unenforceable, the rest of the Agreement will continue in effect.

17.   Modification.

No change, modification, or waiver of any term of this Agreement shall be valid unless it is in writing and signed by both Landlord and Tenant.

18.   Entire Agreement.

This Agreement constitutes the entire Agreement between the parties and supersedes all prior Agreements or understandings between Landlord and Tenant.

8

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

19.    Headings.

The Headings have been inserted for convenience only and are not to be considered when interpreting the provisions of this Agreement.

20.    Recording.

Landlord and Tenant agree to execute a Memorandum of this Agreement which Landlord or Tenant may record with the appropriate recording officer. The date set forth in the Memorandum of Lease is for recording purposes only and bears no reference to commencement of either the Term or rent payments.

*[Reminder of page intentionally left blank. Signature page follows.]*

9

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed, by persons thereto duly authorized, as a sealed instrument effective as of the date of full execution, this _____ day of _____, 2022.

CCT-4, LLC

Kenneth Saverin
_____
Name: Kenneth A. Saverin
Title: President & CEO
Signature Date: 2/21/2022

DISH Wireless L.L.C.

By: _____
Name: David Mayo
Title: EVP
Signature Date: 2/22/2022

MF

2/21/2022

10

CDO

**EXHIBIT B**

## FIRST AMENDMENT TO WIRELESS COMMUNICATIONS FACILITY LEASE AGREEMENT

This FIRST AMENDMENT TO WIRELESS COMMUNICATIONS FACILITY LEASE AGREEMENT ("First Amendment") is made and effective as of _____, _____, 20__ ("Effective Date"), by and CCT-4, LLC, a Delaware limited liability company, having a mailing address at P.O. Box 1584, New Canaan, CT 06840 ("Landlord"), and DISH Wireless L.L.C., a Colorado limited liability company, having a place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112 ("Tenant"). Landlord and Tenant are referred to individually in this First Amendment as the "Party" and collectively as the "Parties."

### RECITALS

A.      Landlord and Tenant have entered into that certain Wireless Communications Facility Lease Agreement dated February 22, 2022, (the "Agreement").

B.      Pursuant to the Agreement, Landlord leases to Tenant that certain Premises, located at 10 Willard Road, Norwalk, CT 06851 and more particularly described in Exhibit A attached to the Agreement, for the installation, operation, maintenance and management of Tenant's Equipment.

C.      Landlord and Tenant now desire to amend the Agreement, as set forth below.

### AGREEMENT

NOW THEREFORE, intending to be legally bound by this First Amendment, the Parties agree as follows:

1.      **Recitals.** The Recitals above are specifically incorporated in this First Amendment by this reference.

2.      **Premises.** The Parties agree that Section 1 of the Agreement has been updated for the description of the Premises. Accordingly, Exhibit A attached to the Agreement is hereby deleted in its entirety and replaced with Exhibit A-1 attached hereto and incorporated herein by this reference.

3.      **Unmodified Provisions and Ratification.** This First Amendment is not intended to and does not alter, amend or modify any other portions of the Agreement, except as expressly set forth herein. The Agreement and all terms, conditions, obligations and covenants of the Agreement remain and continue in full force and effect, and the Parties hereby ratify and confirm the Agreement. This First Amendment is binding upon and inures to the benefits of the Parties' heirs, personal representatives, successors and assigns. All capitalized terms contained in this First Amendment have the meaning given to such terms in the Agreement, unless otherwise defined herein.

4.      **Required Consents.** Landlord and Tenant each represent and warrant that it has obtained all required consents to enter into this First Amendment.

5.      **Counterparts.** This First Amendment may be executed in a number of identical counterparts. If so executed, the counterparts collectively constitute one agreement, binding on the Parties, notwithstanding that all the Parties are not signatories to the original or the same counterpart.

LPD

Execution of this First Amendment by facsimile or electronic signature is effective in creating a binding agreement and, if requested, the Parties may exchange original signed counterparts.

*[Remainder of page intentionally left blank. Signature page follows.]*

IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives to execute this First Amendment as of the Effective Date.

**LANDLORD:**                                   **TENANT:**

**CCT-4, LLC**                                   **DISH WIRELESS L.L.C.**

By: _____          By: _____

Name: _____          Name: _____
                                                              Richard Leitao
Its: _____          Its: _____
                                                              VP, National Development
Date: _____          Date: 1/26/2023

*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives to execute this First Amendment as of the Effective Date.

LANDLORD:                                       TENANT:

CCT-4, LLC                                      DISH WIRELESS L.L.C.

By: _____                  By: _____

Name: Kenneth Saverin _____             Name: _____

Its:    President & CEO __ _____        Its:    _____

Date:   January 13, 2023_____           Date:   _____

*[Remainder of page intentionally left blank.]*

**EXHIBIT C**

CCT-4, LLC
PO Box 1584
New Canaan, CT 06840

Via Certified Mail, Return Receipt Requested, and Email
DISH Wireless
5701 South Santa Fe Blvd
Littleton, CO 80120
Attn: Lease Administration
Landlordrelations @ Dish.com

> Re: Site Number: NJJER01119A
> Market: NJ
> Site Address: 10 Willard Road, Norwalk CT 06851 (the "Site")

January 8, 2026

## NOTICE OF IMPENDING DEFAULT

Ladies and Gentlemen:

With respect to the Wireless Communications Facility Lease Agreement by and between CCT-4, LLC ("CCT-4") and DISH Wireless LLC ("Dish") dated February 22, 2022, (the "Lease Agreement"), regarding the Site, as amended by the First Amendment to Wireless Communications Facility Lease Agreement between CCT-4 and Dish dated January 26, 2023, please be advised that the monthly rent due pursuant to Section 3 of the Lease Agreement for the months of December 2025 and January 2026 have not been received by CCT-4. Please forward the outstanding rent payments with all applicable late charges to CCT-4 immediately. If payment is not received in a timely manner, CCT-4 may pursue all rights and remedies at law or in equity, including. but not limited to, monetary default and the commencement of eviction proceedings.

Very truly yours,
CCT-4, LLC

By: _____
Kenneth Saverin
President and Chief Executive Officer

**EXHIBIT D**

CCT-4, LLC
PO Box 1584
New Canann, CT 06840

April 9, 2026

*Via Certified Mail. Return Receipt Requested, and Email*

DISH Wireless
5701 South Santa Fe Blvd.
Littleton, CO 80120
Attn: Lease Administration
Landlordrelations@Dish.com

    RE:    Site Number: NJJER01119A
           Market: NJ
           Site Address: 10 Willard Road, Norwalk, CT 06851 (the "Site")

## NOTICE OF TERMINATION OF LEASE AGREEMENT

Ladies and Gentlemen:

This letter concerns the Wireless Communications Facility Lease Agreement between CCT-4, LLC ("CCT-4") and DISH Wireless LLC ("DISH"), dated February 22, 2022 (the "Lease Agreement"), regarding the Site. The Lease Agreement was amended by the First Amendment between CCT-4 and DISH dated January 26, 2023.

As you recall, on January 8, 2026, CCT-4 provided you with written notice of your default for nonpayment of rent under the Lease Agreement. DISH failed to make its rent payments, due under Section 3 of the Lease Agreement, for the months of December 2025 and January, February, March, and April 2026.

As a result of DISH's nonpayment of rent and failure to cure despite notice, CCT-4 hereby terminates your Lease Agreement as of April 9, 2026 under Section 8 of the Lease Agreement. In addition, you are responsible for the complete removal of all your equipment that you have installed at the Site. Please remove all of your equipment and vacate the Site on or before April 16, 2026.

CCT-4 reserves the right to pursue all rights and remedies at law or in equity, including, but not limited to, pursuing monetary damages and/or pursuing eviction proceedings.

Very truly yours,
CCT-4. LLC

By: _____
Kenneth Saverin
President and Chief Executive Officer

**EXHIBIT E**

**NOTICE TO QUIT (END) POSSESSION**
JD-HM-7  Rev 10-25
C G S. § 47a-23



STATE OF CONNECTICUT
JUDICIAL BRANCH
SUPERIOR COURT
*www.jud.ct.gov*

**Instructions:**

1. *Complete this notice  Make sure that the person signing this notice is the owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law or in-fact.*

2. *Give the completed notice, and if required, Connecticut Right to Counsel (CT-RTC) notice to a state marshal or any proper officer with enough copies for each adult occupant and tenant you want to evict. The CT-RTC Notice may be found at: https://jud.ct.gov/HomePDFs/RighttoCounselNotice02232023.pdf*

3. *After service (delivery to the tenant(s) and occupant(s)) is made, the original document(s) will be returned to you. If you do not want to include your address on this form, give this information to the marshal or other proper officer on a separate sheet so that the officer can return the original notice to you promptly after making service.*

To: Name(s) of tenant(s) and occupant(s)

**DISH Wireless, L.L.C.**

Address of premises, including apartment number, if any

**Cell Tower at 10 Willard Road, Norwalk, CT**

**You must quit (end) possession or occupancy of the premises described above and now occupied by you
on or before** *(date)* _____**April 20, 2026**_____ **for the following reason(s)** *(specify):*

1. Non-payment of rent when due for commercial property pursuant to Conn. Gen. Stat. § 47a-23(a)(1)(e).

2. You originally had the right or privilege to occupy such premises but such right or privilege has terminated pursuant to Conn. Gen. Stat. § 47a-23(a)(3).

**If you have not moved out of the premises by the date indicated above, an eviction (summary process) case may be started against you.**

| Name and title of person signing *(Print or type)* | Signed | |
|---|---|---|
| **Danielle M. Palmieri (landlord's attorney at law)** | | |
| Name of landlord | Date signed | Dated at (Town) |
| **CCT-4, LLC** | **4/13/2026** | **New Haven** |

Address of person signing  *(Submit to proper officer on a separate sheet if desired)*

**Carmody Torrance Sandak & Hennessey, LLP 195 Church Street, New Haven, CT 06510**

**Return of Service** *(To be completed by officer who serves (delivers) this notice or notices)*

| Name(s) of person(s) served | Address at which service was made | | On (Date of service) |
|---|---|---|---|
| | | | |
| | | | Fees |
| | | | Copy |
| | | | Endorsement |
| Then and there I made due and legal service of the foregoing notice(s) by leaving a true and attested copy (copies) with or at the place where each of the tenant(s) and occupant(s) named above usually live. | ☐ Notice to Quit | | Service |
| | ☐ CT-RTC Notice | | Travel |
| | ☐ Other: | | |
| Attest *(Name and title)* | | | Total |

⬥ **ADA Accommodations**
*ADAProgram@jud.ct.gov*
*https //www.jud.ct.gov/ADA*

🔊 **Interpreters**
Free language services available
*https://www.jud.ct.gov/LEP*

Servicios de asistencia lingüística gratuita están a su disposición
Serviços de assistência linguística gratuitos estão à disposição

Page 1 of 1

TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

OFFICER'S RETURN TO COURT

State of Connecticut    )
                       )    ss. Hartford              April 13, 2026
County of Hartford     )

Then and by virtue hereof and by direction of the landlord's attorney, I made due and legal service upon the within named, DISH WIRELESS, L.L.C., by leaving one verified true and attested copy of the original **Notice to Quit (End) Possession** with and in the hands of Shelley Kurpaska, person in charge of Corporation Service Company, Statutory Registered Agent for Service and duly authorized to accept service on behalf of the within named, DISH WIRELESS, L.L.C., at Goodwin Square, 225 Asylum Street, 20th Floor, in said Town of Hartford.

I was instructed to serve only the above-named agent.

The within is the original **Notice to Quit (End) Possession** with my doings hereon endorsed.

Attest:

Elizabeth J. Ostrowski
Connecticut State Marshal
Hartford County

Fees:
Service          $ 50.00
Travel           $ 12.00
Verified Pages   $  1.00
Endorsements     $  1.00
TOTAL            $ 64.00

Electronic Trans./Handling   $50.00
Printing (1 page)            $ 1.00
TOTAL                        $51.00

A TRUE COPY
ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
P.O. BOX 1219, GLASTONBURY, CT 06033-1219 • (860) 965-8463

# EXHIBIT B

**APPEARANCE**
JD-CL-12  Rev. 1-26
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3;
WCAG 2.1 AA

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*



☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date *(For Civil/Family cases)* |
|---|
| **May-26-2026** |
| Docket Number |
| **NWH-CV-26-6013485-S** |

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**CCT-4, LLC  v. DISH WIRELESS, L.L.C.**

| ☒ ☐ ☐ Housing Judicial Geographic Session District Area ___ | Address of court *(Number, street, town and zip code)* **123 HOYT ST STAMFORD, CT 06905** | Scheduled court date *(Criminal/Motor Vehicle cases only)* |
|---|---|---|

## Enter the Appearance of

| Name *(Your name or name of official, firm, professional corporation, or individual attorney)* | Juris number *(For attorney/law firm)* |
|---|---|
| **MORRISON MAHONEY LLP** | **404459** |

| Mailing address | Post Office box number | Telephone number *(Area code first)* |
|---|---|---|
| **ONE CONSTITUTION PLAZA 10TH FLOOR** | | **8606164441** |

| City/town | State | Zip code | Fax number | E-mail address |
|---|---|---|---|---|
| **HARTFORD** | **CT** | **06103** | **8602443800** | **pday@morrisonmahoney.com** |

in the case named above for: *(Select one of the following parties)*

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| ☐ The Plaintiff. | ☒ The Defendant. |
| ☐ All Plaintiffs. | ☐ All Defendants. |
| ☐ The following Plaintiff(s) only: | ☐ The following Defendant(s) only: |

☐ **Other** *(Specify):* _____

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
  ☐ matters in the Family Division of the Superior Court    ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender OR ☐ Assigned Counsel
☐ This appearance is for the purpose of a bail hearing only.    *(Special Public Defender)*
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: _____
                                           *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree that documents can be delivered (served) to me electronically in this case.** ☒ Yes    ☐ No

*Any attorney who is **not** exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)*

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| **418216** | **PATRICK JOHN DAY** | **May 21 2026** |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically *or non-electronically on (date)* __**May 21 2026**__ to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel exempt from e-filing and self-represented parties of record who received or will immediately be receiving electronic delivery.

*FOR COURT USE ONLY*

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**CARMODY TORRANCE SANDAK & HENNESSEY LLP - P.O. BOX 1950/NEW HAVEN, CT 06509**
**CARMODY TORRANCE SANDAK & HENNESSEY LLP - 1055 WASHINGTON BLVD/4TH FLOOR/ STAMFORD, CT 06901**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.*

| Signed *(Signature of filer)* ▶ *418216* | Print or type name of person signing **PATRICK JOHN DAY** | Date signed **May 21 2026** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* | | Telephone number |

| Print | Reset |
|---|---|





### State of Connecticut Judicial Branch
# Superior Court E-Filing

**Attorney/Firm:** MORRISON MAHONEY LLP (404459)        **E-Mail:** KCUNNINGHAM@MORRISONMAHONEY.COM  Logout

**NWH-CV26-6013485-S    CCT-4, LLC v. DISH WIRELESS, L.L.C.**

**Prefix:** HSG        **Case Type:** H12        **File Date:** 04/23/2026        **Return Date:** 05/26/2026

**Hide Instructions**                 ## You have successfully e-filed!

**Instructions**: Information about this filing is provided on this page, including the date and time of this transaction and the filing date. Please select the **Print** button to print a copy of this Confirmation. Then, select the **Return to Superior Court E-Filing Menu** if you wish to do additional e-filing or **Logout** if you are finished filing.

[ Print ]

Confirmation of E-filed Transaction (print this page for your records)

**Docket Number:** NWH-CV-26-6013485-S
**Case Name:** CCT-4, LLC v. DISH WIRELESS, L.L.C.
**Type of Transaction:** Appearance
**Date Filed:** May 21 2026
**Appearance by:** 404459 MORRISON MAHONEY LLP
**Appearance for this Party(ies)**

| Party # | Party Name |
|---------|------------|
| D-01 | DISH WIRELESS, L.L.C. |

**Document Filed:** JD-CL-12 Appearance
**Date and Time of Transaction:** May 21 2026 1:40:02 PM

[ Return to Civil / Family Menu ]

Copyright © 2026, State of Connecticut Judicial Branch

# EXHIBIT C

DOCKET NO.: NWH-CV26-6013485-S   :   SUPERIOR COURT

  :   JUDICIAL DISTRICT OF STAMFORD

CCT-4, LLC

  :   STAMFORD HOUSING SESSION

v.

  :   MAY 21, 2026

DISH WIRELESS, L.L.C.

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1446(d), the undersigned, on behalf of the Defendant, DISH WIRELESS, L.L.C., hereby provides notice that it will file a Notice of Removal of this action in and for the United States District Court for the District of Connecticut. A copy of the Notice of Removal is attached hereto as Exhibit A. According to 28 U.S.C. § 1446(d), this notice hereby effectuates removal of this action, thereby preventing any further action in the Superior Court.

DEFENDANT,
DISH WIRELESS, L.L.C.

By:  /s/ *Patrick J. Day*
Patrick J. Day (ct21858)
pday@morrisonmahoney.com
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone:  860-616-4441
Fax:    860-244-3800

105159080.v1

## CERTIFICATION OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or nonelectronically on May 21, 2026 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel exempt from e-filing and self-represented parties of record who were or will immediately be electronically served:

*Counsel for the Plaintiff*
Attorney Gary S. Klein
Carmody Torrance Sandak & Hennessey, LLP
1055 Washington Blvd., 4th Floor
Stamford, CT 06901
T 203-425-4200
E gklein@carmodylaw.com

_/s/ Patrick J. Day_
Patrick J. Day

2

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441 • JURIS NO. 404459

105159080.v1

# Exhibit A

3

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441 • JURIS NO. 404459

105159080.v1

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

CCT-4, LLC,                                     CIVIL ACTION NO.:

     Plaintiff,

     v.

DISH WIRELESS, L.L.C.,                          MAY 21, 2026

     Defendant.

## NOTICE OF REMOVAL
### (Diversity Jurisdiction)

To the Judges of the United States District Court for the District of Connecticut, the undersigned Defendant, DISH WIRELESS, L.L.C. ("Defendant" or "DISH Wireless") hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and, in support thereof, respectfully states as follows:

1.      According to Plaintiff's Return of Service, on April 21, 2026, a copy of the Summons and Complaint in this matter was served on Corporation Service Company, the designated agent for DISH Wireless.  On April 23, 2026, the Summons and Complaint for this matter were filed in the Stamford Housing Session, Stamford Superior Court, styled *CCT-4, LLC v. Dish Wireless, L.L.C.*, with docket number NWH-CV26-6013485-S (hereinafter, the "State Action") returnable May 26, 2026, a copy of which, along with the Return of Service, is collectively annexed hereto as **Exhibit "A"**.  Attorney Patrick Day of Morrison Mahoney, LLP,

105165172.v1

has filed his appearance on behalf of Defendant in the State Action, a copy of which is annexed hereto as **Exhibit "B"**.

2.    This action involves citizens of different jurisdictions.

3.    For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members. See *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000).

4.    Defendant is a single-member Colorado limited liability company with its principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112. The single member is non-party Neyland Networks LLC. Neyland Networks LLC is a single-member limited liability company. The single member is non-party DISH Wireless Holding L.L.C. DISH Wireless Holding L.L.C. is a single-member limited liability company. The single member is non-party DISH Network Corporation. DISH Network Corporation is a registered corporation incorporated under the laws of the state of Nevada. At all relevant times, DISH Network Corporation's principal place of business and corporate headquarters have been located in Englewood, Colorado. Thus, DISH Network Corporation is a citizen of Nevada and Colorado. See *Universal Licensing Corp. v. Paola Del Lungo*, 293 F.3d 579 (2nd Cir. 2002) (Under 28 U.S.C. § 1332(c)(1), "a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated."). Accordingly, Defendant is a citizen of only Nevada and Colorado.

2

105165172.v1

5.    At all times relevant herein, the sole named Plaintiff is a Delaware limited liability company with its principal place of business at 18 Locust Avenue #1584, New Canaan, Connecticut 06840. *See* **Exhibit "A"** (Summons and Complaint).  Upon information and belief, Plaintiff does not have members who are citizens of Colorado or Nevada. *See Handelsman*, 213 F.3d at 52.

6.    Based on the allegations in the Complaint, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Agoliati v. Block 865 Lot 300 LLC*, 2023 WL 8014828, at *14 (E.D.N.Y. Nov. 17, 2023) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  Plaintiff alleges that under the agreement, Plaintiff is owed a monthly rent of $4,900 per month plus $500 per month for common area expense reimbursement, totaling $5,400 of monthly expenses due under the agreement.[1] Compl. ¶ 8.  Plaintiff alleges that the term of the lease is for 10 years.  Compl. ¶ 3; *see also* ¶¶ 6-10, 12-20, 25-27.

---

[1] Defendant's references to specific damage amounts are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and Defendant is not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.

3

MORRISON MAHONEY LLP· COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441· JURIS NO. 404459

105165172.v1

7.    The State Action is a civil breach of contract action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because (1) there is diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).  Removal of this action to this Court is therefore proper pursuant to 28 U.S.C. § 1441 *et seq.*

8.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt by the Defendant of the Summons and Complaint, as the same were received on **April 21, 2026**.

9.    The Defendant has complied with the procedural requirements for removal as set forth in 28 U.S.C. § 1446.

10.    The Stamford Housing Session, Stamford Superior Court is located within the District of Connecticut, and, therefore, venue is proper pursuant to 28 U.S.C. § 86, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11.    A copy of the written notice required by 28 U.S.C. § 1446(d) is attached hereto as **Exhibit "C"**.

WHEREFORE, the Defendant respectfully removes this action from the Superior Court of Connecticut, Stamford Housing Session, Stamford Superior Court, to this Court pursuant to 28 U.S.C. § 1332 and U.S.C. § 1441.

4

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

105165172.v1

DEFENDANT,
DISH WIRELESS, L.L.C.

By: /s/ *Patrick J. Day*

Patrick J. Day (ct418216)
pday@morrisonmahoney.com
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone:    860-616-4441
Fax:      860-244-3800

5

105165172.v1

## CERTIFICATION OF SERVICE

I hereby certify that on May 21, 2026 a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Attorney Gary S. Klein
Carmody Torrance Sandak & Hennessey, LLP
1055 Washington Blvd., 4th Floor
Stamford, CT 06901
T 203-425-4200
E gklein@carmodylaw.com

_/s/ Patrick J. Day_
Patrick J. Day

6

105165172.v1

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| | |
|---|---|
| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ | **STATE OF CONNECTICUT**<br>**JUDICIAL BRANCH**<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☒ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>123 Hoyt Street, Stamford, CT 06905 | Telephone number of clerk<br>( 203 ) 965 − 5308 | Return Date (Must be a Tuesday)<br>5/26/2026 |
|---|---|---|
| ☐ Judicial District   G.A.   ☒ Housing Session   ☐ Number: | At (City/Town)<br>Stamford/Norwalk | Case type code (See list on page 2)<br>Major: C        Minor: 40 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Carmody Torrance Sandak & Hennessy LLP 1055 Washington Blvd, Stamford, CT 06901 | Juris number (if attorney or law firm)<br>435512 |
|---|---|

| Telephone number<br>( 203 ) 425 − 4200 | Signature of plaintiff (if self-represented) | |
|---|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book<br>gklein@carmodylaw.com |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: CCT-4, LLC<br>Address: PO Box 1584 New Canaan, CT 06840 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: DISH Wireless, L.L.C.<br>Address: 9601 South Meridian Boulevard, Englewood, CO 80112 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |
| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>4/21/2026 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court<br>☐                             Clerk | Name of person signing<br>Gary S. Klein |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

A TRUE COPY
ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

| | |
|---|---|
| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

RETURN DATE: MAY 26, 2026       :       SUPERIOR COURT

CCT-4, LLC       :       HOUSING SESSION

V.       :       AT STAMFORD/NORWALK

DISH WIRELESS, L.L.C.       :       APRIL 21, 2026

## COMPLAINT

### FACTUAL ALLEGATIONS AS TO ALL COUNTS

1.  The Plaintiff, CCT-4, LLC ("CCT-4"), is a Delaware limited liability company with its principal place of business located in New Canaan, Connecticut.

2.  The Defendant, DISH Wireless, L.L.C. ("DISH"), is a Colorado limited liability company with its principal place of business located in Colorado.

3.  On or about February 22, 2022, CCT-4 entered into a Wireless Communications Facility Lease Agreement ("Lease") for the term of fifty years with an initial term of April 1, 2022 ("Commencement Date") to March 31, 2032 (with automatic renewal for each Five year period thereafter) with DISH for possession and use of the wireless tower located at 10 Willard Road in Norwalk, Connecticut 06851 ("Site"). Plaintiff attaches a copy of the Lease as **Exhibit A**. The Lease is a valid binding contract that fair and adequate consideration supports. CCT-4 has fully complied with its obligations under the Lease.

4.  Under Section 2 of the Lease, the Lease automatically renews "for four (4) successive five (5) year terms unless [DISH] provides [CCT-4] written notification no more than twelve (12) months, and not less than six (6) months, prior to the commencement of each renewal term of its decision to not renew this Agreement. If at the end of the fourth (4th) five (5) year extension term, this Agreement has not been terminated by [DISH] or [CC-T4] by giving written notice of an intention to terminate that shall be delivered at least six (6) months prior to

the end of such term, this Agreement shall continue in full force upon the same covenants, terms and conditions for a further term of five (5) years and for three (3) additional five (5) year terms thereafter[.]"

5.    DISH entered into the Lease to obtain a financial profit from its use of the wireless tower located at the Site.

6.    Following execution of the Lease, DISH took possession of the Site on or about April 1, 2022 and installed substantial amounts of equipment on the tower for its operations.

7.    On January 26, 2023, the parties amended the Lease. Plaintiff attaches a copy of the Amendment as **Exhibit B**.

8.    Pursuant to Section 3 of the Lease, as of the Commencement Date, the rental payment ("Rent") was $4,900 per month plus $500 per month for common area expense reimbursement.

9.    Pursuant to Section 3 of the Lease, the Rent shall increase by an amount equal to three percent (3%) of the then current monthly Rent on every anniversary date of the Commencement Date during the term of the Lease.

10.    Pursuant to Section 3 of the Lease, if DISH fails to "pay the monthly Rent when due, or any other amount payable under this Agreement when due, and such failure continues for ten (10) days after any such due date, then [DISH] shall pay to [CCT-4] a late charge equal to ten percent (10%) of the amount not paid" by the tenth (10th) day.

11.    Pursuant to Section 5 of the Lease, DISH must pay CCT-4 $500 per month for a "Monthly Expense Payment," which includes payment for all utilities, property taxes, and maintenance costs at the Site applicable to DISH. Under Section 5, DISH and CCT-4 shall make reconciliation payments to each other, as needed, based on the difference between the "Monthly

2

Expense Payments" and the actual costs incurred for utilities, property taxes, and maintenance costs. On February 26, 2026, CCT-4 sent DISH an invoice in the amount of $716.34 representing the amount of additional unreimbursed expenses for the period January 1, 2025 to December 31, 2025. Such invoice remains unpaid.

12. DISH failed to pay the Rent when due for December 2025 through April 2026.

13. On January 8, 2026, CCT-4 served DISH with a written notice of impending default ("Notice of Default") because DISH had not paid its December 2025 or January 2026 Rent, as Section 3 of the Lease requires. Plaintiff attaches a copy of the Notice of Default as **Exhibit C.**

14. The Notice of Default demanded that DISH pay its past due Rent for December 2025 and January 2026.

15. DISH has failed to pay its past due rent since December 1, 2025, including the Rent due between January through April 2026.

16. On April 9, 2026, CCT-4 served DISH with a written notice of the termination of the Lease Agreement ("Notice of Termination"), effective April 9, 2026, pursuant to Section 8 of the Lease. Plaintiff attaches a copy of the Notice of Termination as **Exhibit D.**

17. CCT-4 served DISH with the Notice of Termination under Section 8 of the Lease, which provides that "[u]pon the occurrence of a material default by either party to their obligations under this Agreement (a 'Default') that remains uncured for a period of ninety days after (i) written notice of such Default by the non-defaulting party to the defaulting party and (ii) the exhaustion of all good faith efforts by the defaulting party to cure or contest such Default, then the non-defaulting party may terminate this Agreement upon written notice to the other

3

party without prejudice to any other remedies the non-defaulting party may have at law or in equity."

18. Under Section 8 of the Lease, DISH had ninety (90) days after issuance of the Notice of Default to cure its default and pay its Rent.

19. Pursuant to Section 8 of the Lease, CCT-4 served the Notice of Termination on April 9, 2026, over ninety days after it issued its Notice of Default to DISH on January 8, 2026, and after DISH failed to cure or contest its Rent payments default.

20. The Notice of Termination demanded that DISH remove all of its equipment from the Site and to vacate the Site on or before April 16, 2026.

21. On April 13, 2026, CCT-4 terminated DISH's tenancy of the Site under the Lease by causing a Notice to Quit pursuant to Connecticut General Statutes §§ 47a-23(a)(1)(E) and 47a-23(a)(3) to be served on DISH. Plaintiff attaches a copy of the Notice to Quit as **Exhibit E**.

22. The Notice to Quit required DISH to quit possession and occupancy of the Site on or before April 20, 2026.

23. Despite the passage of time set forth in the Notice of Quit, DISH continues in unlawful possession and occupancy of the Site and failed to remove its equipment.

24. Contemporaneously with this Complaint, CCT-4 has filed a related Summary Process Complaint seeking, among other things, judgment for possession of the Site.

## COUNT ONE - Breach of Contract

1-24. CCT-4 hereby incorporates its allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

25. DISH has not paid its Rent since December 1, 2025, including the Rent due between January through April 2026, as Section 3 of the Lease requires.

4

26. DISH breached the terms of the Lease as a result of its failure to pay its Rent as required under the Lease.

27. As a result of DISH's breach of the Lease, CCT-4 suffered damages.

**WHEREFORE,** the Plaintiff demands the following relief as to all counts:

1. Compensatory damages;

2. Prejudgment interest;

3. Post-judgment interest;

4. Costs; and

5. Such other and further relief as this Court deems just and proper.

**THE PLAINTIFF, CCT-4, LLC**

By: */s/ Gary S. Klein*
Gary S. Klein
Danielle M. Palmieri
Carmody Torrance Sandak & Hennessey LLP
1055 Washington Blvd., 4th Floor
Stamford, CT 06901-2218
Telephone: (203) 425-4200
Fax: (203) 325-8608
gklein@carmodylaw.com
dpalmieri@carmodylaw.com
*Its Attorneys*

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

5

RETURN DATE: MAY 26, 2026        :        SUPERIOR COURT

CCT-4, LLC                       :        HOUSING SESSION

V.                               :        AT STAMFORD/NORWALK

DISH WIRELESS, L.L.C.            :        APRIL 21, 2026

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand in this action, exclusive of interest and costs, exceeds Fifteen Thousand ($15,000.00) Dollars.

THE PLAINTIFF, CCT-4, LLC

By: /s/ Gary S. Klein
Gary S. Klein
Danielle M. Palmieri
Carmody Torrance Sandak & Hennessey LLP
1055 Washington Blvd., 4th Floor
Stamford, CT 06901-2218
Telephone: (203) 425-4200
Fax: (203) 325-8608
gklein@carmodylaw.com
dpalmieri@carmodylaw.com
        Its Attorneys

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

EXHIBIT A

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

WIRELESS COMMUNICATIONS FACILITY LEASE AGREEMENT
(Cell Tower)
Between
CCT-4, LLC
and
DISH WIRELESS LLC


This Wireless Communications Facility Lease Agreement (the "Agreement") is entered into this ___ day of _____, 2022 by and between CCT-4, LLC, a Delaware limited liability company ("CCT" or "Landlord") and DISH Wireless L.L.C., a Colorado limited liability company (the "Tenant").

WHEREAS, CCT owns the ground lease for the tower located at 10 Willard Road, City of Norwalk, County of Fairfield, State of Connecticut (the "Property"); and

WHEREAS, Tenant offers wireless communications services to its customers and desires to locate a wireless communications facility at the Property.

NOW THEREFORE, in consideration of the terms and conditions set forth herein, the parties agree as follows:

1.    Premises.

CCT hereby leases to Tenant, subject to the terms and conditions set forth herein, exclusive use of space on the cell tower located at the Property (the 'Tower") and exclusive use of a certain tract of land for the installation and operation of a wireless communications facility as described in, and limited to, the plan attached hereto as Exhibit A and made a part hereof, including, and limited to, the type, frequency and size (height, width and depth) of the equipment, number of units, weight and location on the tower and at the base of the tower outlined in Exhibit A (hereafter, the "Site"). Provided that Tenant is in compliance with the terms and conditions of this Agreement, Tenant shall have a non-exclusive easement for ingress and egress, seven (7) days a week, twenty-four (24) hours a day, on foot or motor vehicle, including trucks, and for the installation and maintenance of utility wires, poles, cables, conduits, and pipes extending from the nearest public right-of-way near Strawberry Hill Avenue to the Site for the purpose of installing, removing, replacing, maintaining and operating a wireless communications facility.

2.    Term.

The initial term of this Agreement shall be for ten (10) years beginning on the date that is the earlier of April 1, 2022 or the first day of the month following the date Tenant commences the installation of its equipment at the Site (the "Commencement Date") and ending on the tenth anniversary of the Commencement Date. Except as otherwise stated herein, Tenant cannot terminate Tenant's obligations under this Agreement. The Agreement shall be automatically renewed for four (4) successive five (5) year terms unless the Tenant provides Landlord written notification no more than twelve (12) months, and not less than six (6) months, prior to the commencement of each renewal term of its decision to not renew this Agreement. If at the end of

1

TENANT Site No. NJJER01119A                                              *CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

the fourth (4th) five (5) year extension term, this Agreement has not been terminated by the Tenant or Landlord by giving written notice of an intention to terminate that shall be delivered at least six (6) months prior to the end of such term, this Agreement shall continue in full force upon the same covenants, terms and conditions for a further term of five (5) years and for three (3) additional five (5) year terms thereafter unless Landlord or Tenant provides Landlord or Tenant respectively written notification no more than twelve (12) months, and not less than six (6) months, prior to the commencement of each renewal term of its decision to not renew this Agreement. If Tenant has not applied for all local municipal approvals reasonably necessary to construct or install its wireless communications facility within sixty (60) days after full execution of this Agreement, or if Tenant has failed to proceed to construct or install its facilities within ninety (90) days after obtaining such permits, this Agreement may terminate at Landlord's election and Landlord shall be free to lease or otherwise dispose of the Site as they may determine.

3.    Rent.

   (A) As of the Commencement Date, rental payments (the "Rent") shall commence and be due at a total annual rental for each year of the initial term of Fifty-Eight Thousand Eight Hundred Dollars ($58,800.00), to be paid in equal monthly installments of Four Thousand Nine Hundred Dollars ($4,900.00) payable in advance to CCT, or as CCT may direct the Tenant. The Rent shall be paid at the addresses indicated in the first paragraph of this Agreement or to such other person, firm or place as CCT may, from time to time, designate in writing at least thirty (30) days in advance of any rental payment date by notice given in accordance with this Agreement.

   (B) The Rent shall increase by an amount equal to three percent (3%) of the then current monthly Rent on every anniversary date of the Commencement Date through the entire Term of this Agreement.

   (C) The Rent for any partial month shall be prorated based on the number of days in the month. If Tenant fails to pay the monthly Rent when due, or any other amount payable under this Agreement when due, and such failure continues for ten (10) days after any such due date, then Tenant shall pay to Landlord a late charge equal to ten percent (10%) of the amount not paid by such tenth (10th) day, and the parties hereto understand and agree that the foregoing shall not in any way limit, condition or detract from Landlord's other rights and remedies set forth in this Agreement or otherwise available to Landlord at law or in equity.

   (D) Upon agreement of the Parties, Tenant may pay rent by electronic funds transfer, and in such event, CCT agrees to provide Tenant bank routing information for such purpose upon request of Tenant.

4.    Permitted Use of the Site and Interference.

   Tenant shall have the right, subject to the terms and conditions stated herein or otherwise required by federal, state, or local law, to use the Site for the installation, operation, maintenance, alteration and repair of a wireless communications facility (including but not limited to, wireless antenna and/or antenna arrays, outbuildings and associated equipment) for the transmission and

2

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

reception of wireless communications, and to conduct activities directly related to the foregoing permitted use.

Tenant agrees to install equipment of the type and frequency which will not cause harmful interference which is measurable in accordance with then existing industry standards to any equipment of Landlord or other lessees of the Property which existed on the Property prior to the date this Agreement is executed by the Parties. In the event any after-installed Tenant equipment causes such interference, Tenant will take all commercially reasonable steps necessary to correct and eliminate the interference, including but not limited to, at Tenant's option, powering down such equipment and later powering up such equipment for intermittent testing.

Prior to the commencement of any installation of any equipment by Tenant, Tenant, at its sole cost and expense, shall provide Landlord with construction drawings and a structural analysis relating to the construction or installation on the Site. Landlord makes no representations with respect to the adequacy of the Site for Tenant's permitted use.

5.    Improvements. Installation. Operation. Maintenance and Repair.

(A) Tenant may, at its own cost and expense, repair its existing equipment on the Site, provided that (a) Tenant shall first obtain the prior written approval for the desired repairs from Landlord and (b) any modification, installation, upgrade or substitution of equipment outside of the equipment set forth in Exhibit A hereto (including, but not limited to, the model, antenna size, weight, location or frequency) (a "Modification") shall require the execution of an amendment to this Agreement and the right of Landlord to charge additional rent for such change. Tenant shall use reasonable efforts to keep its equipment in reasonably neat order, except during times of construction, repair or modification. CCT shall either grant, deny or request further information regarding any repair, modification, upgrade, or substitution contemplated by this Section 5(A) within forty-five (45) days of written application by Tenant delivered to CCT.

(B) Tenant will promptly repair and restore any portion of the Property which may be damaged by installation of the wireless communications facility to the condition in which it existed immediately prior to such damage, reasonable wear and tear excepted. Without limiting the foregoing, Tenant shall hire sufficient personnel and qualified, licensed professional experts to complete such installation in a prompt and professional manner.

(C) Tenant shall, at all times during the term of this Agreement and at its own cost and expense, keep and maintain in repair and good condition (ordinary wear and tear excepted) all buildings and improvements installed by Tenant at any time on the Site and shall use all reasonable precaution to prevent waste, damage or injury.

(D) Tenant shall at all times comply with all applicable federal, state and municipal laws, rules and regulations pertaining to the installation, operation, maintenance, replacement, and repair of the Tenant's wireless communications facility and its

3

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

appurtenant buildings and improvements and shall secure all necessary federal, state and local permits and approvals.

(E) Landlord hereby grants Tenant a temporary construction easement over the Property, for the purpose of installing Tenant's wireless communications facility as shown on Exhibit A. Such temporary easement shall expire upon completion of the installation of the wireless communications facility. During the Term of this Agreement, the Tenant shall have the right of ingress and egress to the Site for the purpose of maintenance and repair; provided however, that such right shall (i) be limited to Tenant's authorized employees, licensees, contractors, subcontractors, or agents, provided all of whom shall provide a Certificate of Insurance naming the Landlord as additional insureds under their insurance policies and (ii) not unreasonably interfere with the permitted use of the Property by the Landlord or the Tower tenants, the Landlord's licensees or lessees. Except in cases of emergency, Tenant shall conduct all maintenance and repair work on the Tenant's wireless communications facility on weekdays between the hours of 7:30 AM and 4:00 PM.

(F) Utilities Taxes and Maintenance.

   a. Tenant will pay to Landlord on a monthly basis for (i) all utilities used by it at the Premises, including its pro-rata share of any cooling and heating charges incurred in the equipment shelter occupied by Tenant, (ii) its pro-rata share of all property taxes and all maintenance costs incurred on the Premises charged to Landlord including tower and equipment shelter lighting and monitoring, tower inspections, tower property insurance, bird nest removal, painting, snow removal, utility maintenance and installation, landscaping, keys and security costs . The prorated amount shall be determined by dividing the total charged amount by the number of cellular tenants leasing the Premises.

   b. On or before June 1, 2022, Tenant shall install a separate direct utility meter (the "Direct Meter") relating to its permitted use of the Premises. To the extent permissible under, and in accordance with, the Landlord's ground lease on the Premises, Landlord shall grant to Tenant and the local utility companies (as appropriate) a utility easement(s) reasonably required by Tenant or the utility companies in order to provide utility service required by Tenant for its permitted use of the Premises throughout the initial Term and each Renewal Term.

   c. Tenant shall pay Landlord a monthly amount equal to five hundred dollars and 00/100 ($500) (the "Monthly Expense Payment") which Landlord shall use to offset the expenses set forth in subparagraph 5(a) hereto. Upon request by the Tenant, at the end of each calendar year, Landlord shall provide tenant with an invoice (the "Invoice") detailing the expenses incurred per subparagraph 5(a), and Landlord and Tenant shall make a reconciliation payment to each other, as the case may be, based upon the difference between the Monthly Expense Payments received by Landlord from Tenant and actual costs incurred by Landlord per the Invoice.

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

(G) All amounts payable by Tenant to Landlord pursuant to this Section 5 shall be in addition to the Rent set forth in Section 3 hereof.

6.    Landlord's Access.

The Landlord shall have a right of access to the Site at all times in order to inspect the Site, to take actions necessary to protect the Property, to enforce the terms of this Agreement, or for any other purpose.

7.    Co-Location.

Tenant acknowledges that while its space on the Tower is exclusive, Landlord shall have the right to lease other portions of the Tower to other telecommunications providers, subject to the terms of this Agreement. Tenant agrees to comply with any and all reasonable requests by the Landlord which are necessary to accommodate additional users and facilitate co-location.

8.    Termination.

Upon expiration or termination of this Agreement, the Tenant shall remove, at Tenant's sole cost and expense, all antennas, outbuildings, structures, utility connections, personal property and associated equipment (the "Tenant Equipment") from the Site, within thirty (30) days (the "Removal Period") of said expiration or termination. In the event that Tenant fails to remove all of the Tenant Equipment within the Removal Period, then (a) Tenant will be deemed to occupy the Premises on a month-to-month basis until the Tenant Equipment is removed and Tenant shall pay Landlord a rental fee equal to the then current monthly Rent applicable at the expiration or termination of the Agreement which shall include any applicable rent escalation that would have applied if this Agreement had been renewed or extended and (b) Landlord shall be entitled to retain ownership of such Tenant Equipment or remove such Tenant Equipment and Tenant shall be responsible for all costs and expenses incurred by Landlord in either assuming ownership of, or removing, the Tenant Equipment.

Upon the occurrence of a material default by either party to their obligations under this Agreement (a "Default") that remains uncured for a period of ninety days after (i) written notice of such Default by the non-defaulting party to the defaulting party and (ii) the exhaustion of all good faith efforts by the defaulting party to cure or contest such Default, then the non-defaulting party may terminate this Agreement upon written notice to the other party without prejudice to any other remedies the non-defaulting party may have at law or in equity.

9.    Indemnification.

(A) Except for any act or omission caused by the negligence, gross negligence or willful conduct of CCT, its trustees, officers, members, employees, directors and agents, Tenant hereby releases and agrees to indemnify and hold harmless CCT and all of its trustees, officers, members, employees, directors, agents, and consultants (hereinafter collectively referred to in this paragraph as the "**Indemnitees**") from any and all claims, demands, liabilities, judgments, penalties, losses, costs, or expenses for any loss, including but not limited to bodily injury (including death), personal injury, property damage, expense, and attorneys' fees, caused by, growing or arising out of, or otherwise

5

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

happening in connection with this Lease, due to any negligent, gross negligence or intentional act or omission on the part of Tenant, its agents, invitees, members, employees, or others working at the direction of Tenant or on its behalf, or due to the application or violation of any pertinent federal, State or local Law. In case any action or proceeding is brought against CCT by reason of any claim mentioned in this Article 9, Tenant, upon notice from CCT, shall, at Tenant's expense, resist or defend such action or proceeding in CCT's name and, if necessary, by counsel for the insurance company, if to the extent such claim is covered by insurance, or otherwise by counsel approved by CCT. CCT agree to give Tenant notice of any such claim or proceeding promptly after its receipt of notice of such claim or otherwise becomes aware of such claim. This indemnification is binding on the successors and assigns of the Tenant, and this indemnification survives the expiration or earlier termination of the Lease, or the dissolution or, to the extent allowed by Law, the bankruptcy of the Tenant. This indemnification does not extend: (i) beyond the scope of this Lease; (ii) to claims exclusively between the undersigned parties arising from the terms, or regarding the interpretation of this Lease; or (iii) the acts or omissions of CCT.

(B) Except for any act or omission caused by the negligence, gross negligence or willful conduct of the Tenant, its trustees, officers, members, employees, directors and agents, CCT hereby releases and agrees to indemnify and hold harmless Tenant and all of its trustees, officers, members, employees, directors, agents, and consultants (hereinafter collectivelyreferred to in this paragraph as the "Indemnitees") from any and all claims, demands, liabilities, judgments, penalties, losses, costs, or expenses for any loss, including but not limited to bodily injury (including death), personal injury, property damage, expense, and attorneys' fees, caused by, growing or arising out of, or otherwise happening in connection with this Lease, due to any negligent, gross negligence or intentional act or omission on the part of CCT, its agents, invitees, members, employees, or others working at the direction of CCT or on its behalf, or due to the application or violation of any pertinent federal, State or local Law. In case any action or proceeding is brought against Tenant by reason of any claim mentioned in this Article 9, CCT, upon notice from Tenant, shall, at CCT's expense, resist or defend such action or proceeding in Tenant's name and, if necessary, by counsel for the insurance company, to the extent such claim is covered by insurance, or otherwise by counsel approved by Tenant. Tenant agrees to give CCT notice of any such claim or proceeding promptly after its receipt of notice of such claim or otherwise becomes aware of such claim. This indemnification is binding on the successors and assigns of CCT, and this indemnification survives the expiration or earlier termination of the Lease, or the dissolution or, to the extent allowed by Law, the bankruptcy of CCT. This indemnification does not extend: (i) beyond the scope of this Lease; (ii) to claims exclusivelybetween the undersigned parties arising from the terms, or regarding the interpretation of this Lease; or (iii) the acts or omissions of Tenant.

(C) Indemnification Procedure. The Party seeking indemnification (the "Indemnified Party") shall promptly send Notice to the Party from whom indemnification is being sought (the "Indemnifying Party") of the claim or suit for which indemnification is sought. The Indemnified Party shall not make any admission as to liability or agree to

6

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

any settlement of or compromise any claim without the prior written consent of the Indemnifying Party. The Indemnified Party shall, at the Indemnifying Party request and expense, give the Indemnifying Party all reasonable assistance in connection with those negotiations and litigation.

10.    Insurance.

(A) Risk of Loss: All property of any kind installed by Tenant on the Property, shall be at the sole risk of the Tenant, and the Landlord shall not be liable to Tenant or any other person for any injury, loss, damage or inconvenience occasioned by any loss or damage to such property unless the loss or damage was caused by the gross negligence or willful act or omission of Landlord or its representatives, agents, contractors, employees or invitees.

(B) Tenant will maintain at its own cost;

   i.   Commercial General Liability insurance with limits not less than $1,000,000 for injury to or death of one or more persons in any one occurrence and $1,000,000 for damage or destruction to property in any one occurrence

   ii.  Commercial Auto Liability insurance on all owned, non-owned and hired automobiles with a minimum combined limit of not less than one million ($1,000,000) per occurrence

   iii. Workers Compensation insurance providing the statutory benefits and not less than one million ($1,000,000) of Employers Liability coverage.

Tenant will include the Landlord as additional insured on the Commercial General Liability and Auto Liability policies and shall furnish proof of such insurance by providing the Landlord with a Certificate of Insurance.

11.    Assignment.

This Agreement may be sold, assigned or transferred by the Tenant without any approval or consent of Landlord to Tenant's principal, affiliates, subsidiaries of its principal or to any entity which acquires all or substantially all of Tenant's assets by reason of a merger, acquisition or other business reorganization. As to other parties, this Agreement may not be sold, assigned or transferred without the written consent of Landlord, which such consent will not be unreasonably withheld, delayed or conditioned. No change of stock ownership, partnership interest or control of Tenant or transfer upon partnership or corporate dissolution of Tenant shall constitute an assignment hereunder.

12.    Administration Fee.

Tenant shall pay within thirty (30) days of full execution of this Agreement an administration fee of $5,000 payable to Landlord (the "Administration Fee"). Tenant further agrees to pay a $5,000 Administration Fee to Landlord upon each application by Tenant for a Modification.

7

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

13.    Notices.

All notices required under this Agreement must be in writing and are effective when deposited in the U. S. Mail, certified and postage prepaid, or when sent via overnight delivery, to the address set forth below, or as otherwise provided by law.

If to CCT:

CCT-4, LLC
PO Box 1584
New Canaan, CT 06840
Attention: Kenneth A. Saverin, President

If to the Tenant:

DISH Wireless LLC
5701 South Santa Fe Blvd.
Littleton, Colorado 80120
Attn: Lease Administration

14.    Waivers.

Failure of Landlord or Tenant to complain of any act or omission on the part of the other party shall not be deemed to be a waiver by said party of any of its rights hereunder. No acceptance by Landlord of any partial payment shall constitute accord or satisfaction but shall only be deemed a part payment on account.

15.    Governing Law.

This Agreement shall be governed, construed and enforced according to the laws of the State of Connecticut, without regard to its conflicts of laws provision.

16.    Severability.

If any part of this Agreement is held unenforceable, the rest of the Agreement will continue in effect.

17.    Modification.

No change, modification, or waiver of any term of this Agreement shall be valid unless it is in writing and signed by both Landlord and Tenant.

18.    Entire Agreement.

This Agreement constitutes the entire Agreement between the parties and supersedes all prior Agreements or understandings between Landlord and Tenant.

8

*CDO*

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

19.  Headings.

The Headings have been inserted for convenience only and are not to be considered when interpreting the provisions of this Agreement.

20.  Recording.

Landlord and Tenant agree to execute a Memorandum of this Agreement which Landlord or Tenant may record with the appropriate recording officer. The date set forth in the Memorandum of Lease is for recording purposes only and bears no reference to commencement of either the Term or rent payments.

*[Reminder of page intentionally left blank.  Signature page follows.]*

9

CDO

DocuSign Envelope ID: BE5A249F-D79C-4B0F-B59B-105FBE855686

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed, by persons thereto duly authorized, as a sealed instrument effective as of the date of full execution, this _____ day of _____, 2022.

CCT-4, LLC

Kenneth Saverin

Name: Kenneth A. Saverin
Title: President & CEO
Signature Date: 2/21/2022


DISH Wireless L.L.C.

By:
Name: David Mayo
Title: EVP
Signature Date: 2/22/2022

MF

2/21/2022

10

CDO

EXHIBIT B

## FIRST AMENDMENT TO WIRELESS COMMUNICATIONS FACILITY LEASE AGREEMENT

This FIRST AMENDMENT TO WIRELESS COMMUNICATIONS FACILITY LEASE AGREEMENT ("First Amendment") is made and effective as of _____, _____, 20__ ("Effective Date"), by and CCT-4, LLC, a Delaware limited liability company, having a mailing address at P.O. Box 1584, New Canaan, CT 06840 ("Landlord"), and DISH Wireless L.L.C., a Colorado limited liability company, having a place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112 ("Tenant"). Landlord and Tenant are referred to individually in this First Amendment as the "Party" and collectively as the "Parties."

### RECITALS

A.        Landlord and Tenant have entered into that certain Wireless Communications Facility Lease Agreement dated February 22, 2022, (the "Agreement").

B.        Pursuant to the Agreement, Landlord leases to Tenant that certain Premises, located at 10 Willard Road, Norwalk, CT 06851 and more particularly described in Exhibit A attached to the Agreement, for the installation, operation, maintenance and management of Tenant's Equipment.

C.        Landlord and Tenant now desire to amend the Agreement, as set forth below.

### AGREEMENT

NOW THEREFORE, intending to be legally bound by this First Amendment, the Parties agree as follows:

1.        **Recitals.** The Recitals above are specifically incorporated in this First Amendment by this reference.

2.        **Premises.** The Parties agree that Section 1 of the Agreement has been updated for the description of the Premises. Accordingly, Exhibit A attached to the Agreement is hereby deleted in its entirety and replaced with Exhibit A-1 attached hereto and incorporated herein by this reference.

3.        **Unmodified Provisions and Ratification.** This First Amendment is not intended to and does not alter, amend or modify any other portions of the Agreement, except as expressly set forth herein. The Agreement and all terms, conditions, obligations and covenants of the Agreement remain and continue in full force and effect, and the Parties hereby ratify and confirm the Agreement. This First Amendment is binding upon and inures to the benefits of the Parties' heirs, personal representatives, successors and assigns. All capitalized terms contained in this First Amendment have the meaning given to such terms in the Agreement, unless otherwise defined herein.

4.        **Required Consents.** Landlord and Tenant each represent and warrant that it has obtained all required consents to enter into this First Amendment.

5.        **Counterparts.** This First Amendment may be executed in a number of identical counterparts. If so executed, the counterparts collectively constitute one agreement, binding on the Parties, notwithstanding that all the Parties are not signatories to the original or the same counterpart.

Execution of this First Amendment by facsimile or electronic signature is effective in creating a binding agreement and, if requested, the Parties may exchange original signed counterparts.

*[Remainder of page intentionally left blank. Signature page follows.]*

IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives to execute this First Amendment as of the Effective Date.

LANDLORD:                                         TENANT:

CCT-4, LLC                                        DISH WIRELESS L.L.C.

By: _____          By: _____

Name: _____          Name: _____
                                                      Richard Leitao

Its: _____          Its: _____
                                                      VP, National Development

Date: _____          Date: 1/26/2023

[Remainder of page intentionally left blank.]

IN WITNESS WHEREOF, the Parties have caused their duly authorized representatives to execute this First Amendment as of the Effective Date.

LANDLORD:                                          TENANT:

CCT-4, LLC                                         DISH WIRELESS L.L.C.

By:  _____                By:  _____

Name:  Kenneth Saverin _____            Name:  _____

Its:  President & CEO _____            Its:  _____

Date:  January 13, 2023 _____            Date:  _____

[Remainder of page intentionally left blank.]

EXHIBIT C

CCT-4, LLC
PO Box 1584
New Canaan, CT 06840

Via Certified Mail, Return Receipt Requested, and Email
DISH Wireless
5701 South Santa Fe Blvd
Littleton, CO 80120
Attn: Lease Administration
Landlordrelations @ Dish.com

Re: Site Number: NJJER01119A
Market: NJ
Site Address: 10 Willard Road, Norwalk CT 06851 (the "Site")

January 8, 2026

## NOTICE OF IMPENDING DEFAULT

Ladies and Gentlemen:

With respect to the Wireless Communications Facility Lease Agreement by and between CCT-4, LLC ("CCT-4") and DISH Wireless LLC ("Dish") dated February 22, 2022, (the "Lease Agreement"), regarding the Site, as amended by the First Amendment to Wireless Communications Facility Lease Agreement between CCT-4 and Dish dated January 26, 2023, please be advised that the monthly rent due pursuant to Section 3 of the Lease Agreement for the months of December 2025 and January 2026 have not been received by CCT-4. Please forward the outstanding rent payments with all applicable late charges to CCT-4 immediately. If payment is not received in a timely manner, CCT-4 may pursue all rights and remedies at law or in equity, including, but not limited to, monetary default and the commencement of eviction proceedings.

Very truly yours,
CCT-4, LLC

By: _____
Kenneth Saverin
President and Chief Executive Officer

EXHIBIT D

CCT-4, LLC
PO Box 1584
New Canann, CT 06840

April 9, 2026

<u>*Via Certified Mail, Return Receipt Requested, and Email*</u>

DISH Wireless
5701 South Santa Fe Blvd.
Littleton, CO 80120
Attn: Lease Administration
Landlordrelations@Dish.com

RE:    Site Number: NJJER01119A
Market: NJ
Site Address: 10 Willard Road, Norwalk, CT 06851 (the "Site")

## NOTICE OF TERMINATION OF LEASE AGREEMENT

Ladies and Gentlemen:

This letter concerns the Wireless Communications Facility Lease Agreement between CCT-4, LLC ("CCT-4") and DISH Wireless LLC ("DISH"), dated February 22, 2022 (the "Lease Agreement"), regarding the Site. The Lease Agreement was amended by the First Amendment between CCT-4 and DISH dated January 26, 2023.

As you recall, on January 8, 2026, CCT-4 provided you with written notice of your default for nonpayment of rent under the Lease Agreement. DISH failed to make its rent payments, due under Section 3 of the Lease Agreement, for the months of December 2025 and January, February, March, and April 2026.

As a result of DISH's nonpayment of rent and failure to cure despite notice, CCT-4 hereby terminates your Lease Agreement as of April 9, 2026 under Section 8 of the Lease Agreement. In addition, you are responsible for the complete removal of all your equipment that you have installed at the Site. Please remove all of your equipment and vacate the Site on or before April 16, 2026.

CCT-4 reserves the right to pursue all rights and remedies at law or in equity, including, but not limited to, pursuing monetary damages and/or pursuing eviction proceedings.

Very truly yours,
CCT-4, LLC

By: _____
Kenneth Saverin
President and Chief Executive Officer

EXHIBIT E

**NOTICE TO QUIT (END) POSSESSION**
JD-HM-7  Rev 10-25
C G S. § 47a-23

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
www.jud.ct.gov



**Instructions:**

1. *Complete this notice. Make sure that the person signing this notice is the owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law or in-fact.*

2. *Give the completed notice, and if required, Connecticut Right to Counsel (CT-RTC) notice to a state marshal or any proper officer with enough copies for each adult occupant and tenant you want to evict. The CT-RTC Notice may be found at: https://jud.ct.gov/HomePDFs/RighttoCounselNotice02232023.pdf*

3. *After service (delivery to the tenant(s) and occupant(s)) is made, the original document(s) will be returned to you. If you do not want to include your address on this form, give this information to the marshal or other proper officer on a separate sheet so that the officer can return the original notice to you promptly after making service.*

To: Name(s) of tenant(s) and occupant(s)

**DISH Wireless, L.L.C.**

Address of premises, including apartment number, if any

**Cell Tower at 10 Willard Road, Norwalk, CT**

**You must quit (end) possession or occupancy of the premises described above and now occupied by you on or before** (date) _____ **April 20, 2026** _____ **for the following reason(s)** (specify):

**1. Non-payment of rent when due for commercial property pursuant to Conn. Gen. Stat. § 47a-23(a)(1)(e).**

**2. You originally had the right or privilege to occupy such premises but such right or privilege has terminated pursuant to Conn. Gen. Stat. § 47a-23(a)(3).**

**If you have not moved out of the premises by the date indicated above, an eviction (summary process) case may be started against you.**

| Name and title of person signing (Print or type) | Signed |  |
|---|---|---|
| **Danielle M. Palmieri (landlord's attorney at law)** |  |  |
| Name of landlord | Date signed | Dated at (Town) |
| **CCT-4, LLC** | **4/13/2026** | **New Haven** |

Address of person signing  (Submit to proper officer on a separate sheet if desired )

**Carmody Torrance Sandak & Hennessey, LLP 195 Church Street, New Haven, CT 06510**

**Return of Service** (To be completed by officer who serves (delivers) this notice or notices)

| Name(s) of person(s) served | Address at which service was made | On (Date of service) |
|---|---|---|
|  |  |  |
|  |  | **Fees** |
|  |  | Copy |
|  |  | Endorsement |
| Then and there I made due and legal service of the foregoing notice(s) by leaving a true and attested copy (copies) with or at the place where each of the tenant(s) and occupant(s) named above usually live. | ☐ Notice to Quit | Service |
|  | ☐ CT-RTC Notice | Travel |
|  | ☐ Other: |  |
| Attest (Name and title) |  | Total |

**ADA Accommodations**
ADAProgram@jud.ct.gov
https //www.jud.ct.gov/ADA

**Interpreters**
Free language services available
https://www.jud.ct.gov/LEP

Servicios de asistencia lingüística gratuita están a su disposición
Serviços de assistência linguística gratuitos estão à disposição

A TRUE COPY
ATTEST:

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

Page 1 of 1

OFFICER'S RETURN TO COURT

State of Connecticut    )
                                  )        ss. Hartford                April 13, 2026
County of Hartford      )

Then and by virtue hereof and by direction of the landlord's attorney, I made due and legal service upon the within named, DISH WIRELESS, L.L.C., by leaving one verified true and attested copy of the original **Notice to Quit (End) Possession** with and in the hands of Shelley Kurpaska, person in charge of Corporation Service Company, Statutory Registered Agent for Service and duly authorized to accept service on behalf of the within named, DISH WIRELESS, L.L.C., at Goodwin Square, 225 Asylum Street, 20th Floor, in said Town of Hartford.

I was instructed to serve only the above-named agent.

The within is the original **Notice to Quit (End) Possession** with my doings hereon endorsed.

Attest:

Elizabeth J. Ostrowski
Connecticut State Marshal
Hartford County

Fees:
Service              $ 50.00
Travel               $ 12.00
Verified Pages       $   1.00
Endorsements         $   1.00
TOTAL                $ 64.00

Electronic Trans./Handling    $50.00
Printing (1 page)              $ 1.00
TOTAL                          $51.00

A TRUE COPY
ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
P.O. BOX 1219, GLASTONBURY, CT 06033-1219 • (860) 965-8463

**EXHIBIT B**

**APPEARANCE**
JD-CL-12  Rev. 1-26
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3;
WCAG 2.1 AA

STATE OF CONNECTICUT
JUDICIAL BRANCH
SUPERIOR COURT
www.jud.ct.gov



☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date *(For Civil/Family cases)* |
|---|
| **May-26-2026** |
| Docket Number |
| **NWH-CV-26-6013485-S** |

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**CCT-4, LLC  v. DISH WIRELESS, L.L.C.**

| ☒ ☐ ☐ Housing Judicial Geographic Session District Area | Address of court *(Number, street, town and zip code)* **123 HOYT ST STAMFORD, CT 06905** | Scheduled court date *(Criminal/Motor Vehicle cases only)* |
|---|---|---|

## Enter the Appearance of

| Name *(Your name or name of official, firm, professional corporation, or individual attorney)* **MORRISON MAHONEY LLP** | | Juris number *(For attorney/law firm)* **404459** |
|---|---|---|
| Mailing address **ONE CONSTITUTION PLAZA 10TH FLOOR** | Post Office box number | Telephone number *(Area code first)* **8606164441** |
| City/town **HARTFORD** | State **CT** | Zip code **06103** | Fax number **8602443800** | E-mail address **pday@morrisonmahoney.com** |

in the case named above for: *(Select one of the following parties)*

**PLAINTIFF**
☐ The Plaintiff.
☐ All Plaintiffs.
☐ The following Plaintiff(s) only:

**DEFENDANT**
☒ The Defendant.
☐ All Defendants.
☐ The following Defendant(s) only:

☐ **Other** *(Specify):*

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
☐ matters in the Family Division of the Superior Court    ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender OR ☐ Assigned Counsel
☐ This appearance is for the purpose of a bail hearing only.                                    (Special Public Defender)
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: _____
                                                       *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree that documents can be delivered (served) to me electronically in this case.** ☒ Yes    ☐ No

*Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)*

| Signed *(Individual attorney or self-represented party)* **418216** | Name of person signing at left *(Print or type)* **PATRICK JOHN DAY** | Date signed **May 21 2026** |
|---|---|---|

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically *or non-electronically on (date)* __May 21 2026__ to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel exempt from e-filing and self-represented parties of record who received or will immediately be receiving electronic delivery.

**FOR COURT USE ONLY**

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**CARMODY TORRANCE SANDAK & HENNESSEY LLP - P.O. BOX 1950/NEW HAVEN, CT 06509
CARMODY TORRANCE SANDAK & HENNESSEY LLP - 1055 WASHINGTON BLVD/4TH FLOOR/ STAMFORD, CT 06901**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer)* ▶ *418216* | Print or type name of person signing **PATRICK JOHN DAY** | Date signed **May 21 2026** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* | | Telephone number |

[ Print ]    [ Reset ]



### State of Connecticut Judicial Branch
# Superior Court E-Filing



**Attorney/Firm: MORRISON MAHONEY LLP (404459)**        **E-Mail: KCUNNINGHAM@MORRISONMAHONEY.COM**  Logout

*℮* **NWH-CV26-6013485-S    CCT-4, LLC v. DISH WIRELESS, L.L.C.**

**Prefix:** HSG        **Case Type:** H12        **File Date:** 04/23/2026        **Return Date:** 05/26/2026

**Hide Instructions**        ## You have successfully e-filed!

**Instructions**: Information about this filing is provided on this page, including the date and time of this transaction and the filing date. Please select the **Print** button to print a copy of this Confirmation. Then, select the **Return to Superior Court E-Filing Menu** if you wish to do additional e-filing or **Logout** if you are finished filing.

[ Print ]

Confirmation of E-filed Transaction (print this page for your records)

**Docket Number:** NWH-CV-26-6013485-S
**Case Name:** CCT-4, LLC v. DISH WIRELESS, L.L.C.
**Type of Transaction:** Appearance
**Date Filed:** May 21 2026
**Appearance by:** 404459 MORRISON MAHONEY LLP
**Appearance for this Party(ies)**

| Party # | Party Name |
|---------|------------|
| D-01 | DISH WIRELESS, L.L.C. |

**Document Filed:** JD-CL-12 Appearance
**Date and Time of Transaction:** May 21 2026 1:40:02 PM

[ Return to Civil / Family Menu ]

Copyright © 2026, State of Connecticut Judicial Branch



# State of Connecticut Judicial Branch
# Superior Court E-Filing



**Attorney/Firm: MORRISON MAHONEY LLP (404459)**      **E-Mail: KCUNNINGHAM@MORRISONMAHONEY.COM**   Logout

**Hide Instructions**              **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

[ Print This Page ]

### Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | NWH-CV-26-6013485-S |
| **Case Name:** | CCT-4, LLC v. DISH WIRELESS, L.L.C. |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | May-21-2026 |
| **Motion/Pleading by:** | MORRISON MAHONEY LLP (404459) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Thursday, May 21, 2026 4:24:33 PM |

[ E-File Another Pleading/Motion/Other document on this Case ]

[ Return to Civil / Family Menu ]        [ Return to Case Detail ]

Copyright © 2026, State of Connecticut Judicial Branch